Belknap,
Oct. 6, 1908.

## ROBERTS v. ROWE & a.

A creditor may maintain concurrent actions against his debtor and one who has agreed with the latter to discharge the obligation.

ASSUMPSIT, to recover for coal sold to the defendants. Trial by jury and verdict for the plaintiff. Transferred from the November term, 1906, of the superior court by *Peaslee, J.*

The defendants bought the coal in November, 1903, being then partners under the firm name of the Laconia Dye Works. Soon afterward a corporation was formed, known as the Laconia Dye Works Company, which took over all the partnership property and agreed to pay all the firm's debts. There was no marked change in the management of the business. Two months after the corporation was organized, the plaintiff took two notes of the corporation for the debt in suit. He supposed he was taking the defendants' notes, indorsed them in the ordinary way, and discounted them at the Laconia National Bank. The corporation failed in June, 1905, and shortly afterward the plaintiff learned that the notes were given by the corporation and had not been paid. Four months after the corporation was petitioned into bankruptcy, the

bank brought a bill in equity against the company and its stock-holders to enforce collection of the notes, and the next day the plaintiff begun this suit. The defendants offered to prove that the bill in equity was brought in the plaintiff's interest, and excepted to a ruling that that would not constitute a defence to the present action.

*Frank M. Beckford*, for the plaintiff.

*Walter S. Peaslee* and *Charles B. Hibbard*, for the defendants.

YOUNG, J. Notwithstanding it would be a defence, if the bank sued Roberts on the notes, to show that the bank neglected to notify him of the maker's default, the defendants cannot be heard to complain because he refuses to make it. The only question raised by the exception is whether it is a defence to this action to show that the plaintiff, after learning that the notes were not the defendants', attempted to enforce them against the corporation. The case does not stand any differently than it would if the plaintiff had known the facts when he took the notes, but had not taken them in settlement of his claim against the defendants; for the corporation promised to pay for the coal before the notes were given, and notwithstanding this promise was made to the defendants, the plaintiff can enforce it in equity against the corporation. *Sanders* v. *Insurance Co.*, 72 N. H. 485. It is therefore no answer to this suit to show that Roberts is the real plaintiff in the bill in equity.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.